■ In the Matter of KEVIN SCOTT, Petitioner, v SEYMOUR ROTKER, as Justice of the Supreme Court of the State of New York, Respondent. [682 NYS2d 601] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia*, to prohibit the respondent from proceeding with the trial in a criminal action entitled *People v Kevin Scott,* pending in the Supreme Court, Queens County, under Indictment No. 3496/96.

Motion by the respondent to dismiss the proceeding.

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

The petitioner here has failed to demonstrate a clear legal right to the relief sought. Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.