■ In the Matter of ROMAN KEVILLY, Petitioner, v ALAN L. HONOROF, as Judge of the Court of Claims of the State of New York, et al., Respondents. [731 NYS2d 636] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia*, to restrain the respondent Melvin L. Hollins from "any further execution" of a certain "sentence and commitment" imposed by the respondent Alan L. Honorof, and to compel the respondent John L. Murad to comply with CPLR 7003 (c) for refusing to issue a writ of habeas corpus.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.