OPINION OF THE COURT
Simons, J.
This appeal questions whether a Judge presiding over a criminal prosecution has the power to dispose of the matter before him by entering a nonappealable trial order of dismissal on the merits even though no evidence is presented and the merits of the case have not yet been heard. The question arises because on the day this case was scheduled for trial, the People were unable to locate the complaining witness and requested a further adjournment. The court denied the request, ordered the People to start trial immediately and *567 when they were unable to do so, dismissed the charges and discharged the defendant. We hold that the court exceeded its power when it did so and that prohibition is available to correct its order.
I
In August 1985, Mahmoud Shahhosseini, an Iranian national undergoing medical treatment in New York, paid defendant Richard Babayan 36,250 West German deutschmarks in exchange for Babayan’s check of $13,595.50. When Shahhosseini presented the check, payment was refused. Shahhosseini asked defendant to make the check good. He claims that defendant refused, telling him he was a member of the Iranian secret police and threatening to retaliate against him if he pursued the matter with the authorities. Disregarding the warning, Shahhosseini filed a complaint with the police and they arrested defendant on November 7, 1985.
The case was adjourned with defendant’s consent or approval until an indictment was returned on May 30, 1986 charging him with second degree grand larceny and second degree criminal possession of a forged instrument. The People answered ready July 1, pretrial proceedings followed and defendant answered ready on October 16. Shahhosseini was in Iran at that time and defendant consented to an adjournment until November 10, 1986 to give the People an opportunity to produce him.
When the case was called on November 10, the People advised the court that they had not located complainant, although his family had been contacted and had told the District Attorney that he was "interested in prosecuting th[e] case.” Defense counsel then advised the court that his client believed the complainant had been jailed in Iran on drug charges. The claim was false, but when the People were unable to disprove it at the November 10 proceeding, the trial court expressed its belief that there was no extradition treaty between the United States and Iran, noted that defendant was a resident of Washington, D.C., who had been compelled to appear in Brooklyn several times in response to the charges, and concluded that he should not be required to appear further based on the "vague hopes” that the People would produce the complainant in the future. The court recognized that it could not dismiss the indictment, but suggested that it would order an immediate trial if defendant would waive his *568 demand for suppression hearings and for a jury trial. Defendant quickly did so.
The People protested, stating that they were "not prepared to go to trial” and that the court’s actions constituted an improper attempt at calendar control (see, People v Douglass, 60 NY2d 194). The court nevertheless dismissed the indictment, stating that its dismissal was founded upon "basic equity” principles, the People’s "failure to produce * * * the complaining witness, after being ordered to do so and being given a month’s adjournment to do so,” and the prosecution’s inability to proceed with its case. On November 18, 1986, the court executed an order which recited that the dismissal was ordered pursuant to CPL 290.10. That section provides that "[a]t the conclusion of the people’s case or at the conclusion of all the evidence, the court may * * * upon motion of the defendant, * * * issue a 'trial order of dismissal’ ” (CPL 290.10 [1] [a]).
The People subsequently instituted this article 78 proceeding in the Appellate Division seeking to prohibit enforcement of the trial court’s order.[1] The Appellate Division found prohibition appropriate to review the trial court’s actions but held that the trial court had exercised its discretion properly in refusing a further adjournment because the People failed to establish that they exercised due diligence in attempting to locate the complainant.
On this appeal, the People acknowledge that the trial court had the power to grant or deny a further adjournment (see, People v De Rosa, 42 NY2d 872). They question only its authority to enter a nonappealable trial order of dismissal, purportedly based upon a review of the merits of their case, when they did not present any evidence.
II
When a petitioner seeks relief in the nature of prohibition pursuant to CPLR 7803 (2), the court must make a two-tiered analysis. It must first determine whether the issue presented is the type for which the remedy may be granted and, if it is, whether prohibition is warranted by the merits of the claim.
*569 A
Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court — in cases where judicial authority is challenged — acts or threatens to act either without jurisdiction or in excess of its authorized powers (Matter of Rush v Mordue, 68 NY2d 348, 352; Matter of Steingut v Gold, 42 NY2d 311, 315; Matter of Dondi v Jones, 40 NY2d 8, 13). The inquiry is not limited to whether the court has subject matter jurisdiction over the proceeding; "prohibition is [also] available * * * to prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction” (La Rocca v Lane, 37 NY2d 575, 578-579, cert denied 424 US 968; see also, Matter of Proskin v County Ct., 30 NY2d 15, 18; see generally, Comment, Writ of Prohibition in New York — Attempt to Circumscribe an Elusive Concept, 50 St John’s L Rev 76, 76-84; Wolfram, "Ancient and Just” Writ of Prohibition in New York, 52 Colum L Rev 334, 338-353). Thus, we have entertained prohibition to determine whether the court had exceeded its undoubted powers to control the conduct of counsel in the courtroom (see, La Rocca v Lane, supra) or to rule upon the sufficiency of Grand Jury evidence (Matter of Proskin v County Ct., supra).
Prohibition will not lie, however, simply to correct trial errors (Matter of Rush v Mordue, supra, at 353). Although the distinction between legal errors and actions in excess of power is not always easily made (see, La Rocca v Lane, supra, at 580), abuses of power may be identified by their impact upon the entire proceeding as distinguished from an error in a proceeding itself proper (Matter of State of New York v King, 36 NY2d 59, 64; see, e.g., Matter of Rush v Mordue, supra [double jeopardy]; Matter of Steingut v Gold, 42 NY2d 311, supra [territorial jurisdiction over crime]).
Finally, even if prohibition lies and an act in excess of power is perceived, the remedy is not granted as of right but only in the sound discretion of the reviewing court (Matter of Rush v Mordue, 68 NY2d 348, 354, supra; Matter of Dondi v Jones, 40 NY2d 8, 13, supra; La Rocca v Lane, 37 NY2d 575, 579, supra). The courts are most reluctant to entertain prohibition when doing so interferes with normal trial and appellate procedures by permitting collateral review of matters which could be cured upon direct appeal (Matter of Rush v Mordue, supra, at 353; Matter of State of New York v King, *570 supra, at 62-63; Matter of Nigrone v Murtagh, 36 NY2d 421, 426). The appealability or nonappealability of an issue is not dispositive, however (see, e.g., Matter of State of New York v King, supra [prohibition found not to lie even though trial court’s decision to afford an unauthorized number of peremptory challenges to defendant might be insulated from appellate review]).
Applying these rules, the People are entitled to review of their claim in this proceeding. The trial court’s dismissal here, if erroneous, was not merely a legal mistake, it related to the power of the court and affected the entire proceeding in the most conclusive manner; it terminated the case.[2] While the court based its dismissal on insufficient evidence it, in effect, found the People in default and sua sponte dismissed the indictment, and the question is whether it had the power to enter a default in a criminal proceeding.
B
 The power of the trial court to deny the People further adjournment is not disputed; the error lies in the corrective action it took after it did so. Trial courts are vested with statutory power to dismiss indictments, of course, but the power is not unlimited. The court "has power to do for some purposes what it lacks power to do for others” (Matter of Proskin v County Ct, 30 NY2d 15, 20, supra). Thus, it is no answer to assert that because the court can dismiss an indictment in some circumstances its improper exercise of that power in others was merely trial error. The Criminal Procedure Law carefully specifies the instances in which the Legislature has granted trial courts the power to dismiss and none is applicable here. The petition should, therefore, be granted.
First, it should be noted CPL 290.10 (1) (a), the statute upon which the trial court’s dismissal was based, speaks only of *571 dismissal "upon motion of the defendant” at "the conclusion of the people’s case or at the conclusion of all the evidence”. The plain language of the statute manifests the Legislature’s intention only to grant the court the power to rule on insufficiency, not the power to terminate the proceedings by default.
The history concerning People’s appeals also suggests that the court lacked statutory authority to act as it did. When the Criminal Procedure Law was enacted, the Legislature, for the first time, attempted to authorize the People to appeal trial orders of dismissal (see, CPL 290.10, 450.20 [L 1970, ch 996]). That attempt failed when we held that such appeals were barred by double jeopardy concerns (see, People v Brown, 40 NY2d 381, cert denied 433 US 913). In response, the Legislature amended the statute to limit the appealability of trial orders of dismissal to instances where double jeopardy does not proscribe further review (see, CPL 290.10 [1] [L 1983, ch 170, § 1]; 450.20 [L 1983, ch 170, § 3], and the Practice Commentaries thereto, McKinney’s Cons Laws of NY, Book 11 A). Thus, if a dismissal in a particular case is not barred by double jeopardy concerns, one would expect that the Legislature, which had shown its interest in extending the People’s power to seek review of adverse trial court decisions, would have provided for an appeal from the dismissal. In cases such as this, jeopardy does not attach because a trial was never commenced (CPL 40.30 [1] [b]). If that be so, there was no constitutional impediment to the Legislature’s authorizing the People to appeal. Presumably, it did not do so because it did not intend to give trial courts the power to enter nonappealable trial orders of dismissal when no trial has been started.
Furthermore, the court’s actions cannot be upheld as a permissible pretrial dismissal of the indictment. Statutory authorization for such dismissals is found in CPL 210.20[3] and *572 none of its provisions supports the trial court’s action in this case. Arguably, the transcript of the November 10 proceedings could be read as indicating that the court dismissed in the interest of justice (subd [1] [i]), but such an interpretation is dispelled by the court’s written order dismissing the case on the merits. Moreover, if the court intended to dismiss on interest of justice grounds, it was required to consider the 10 factors set forth in CPL 210.40 and make clear which factor served as the basis for its dismissal (see, CPL 210.40; People v Rickert, 58 NY2d 122, 128). It did not do so. Finally, notwithstanding some of the court’s comments, the dismissal cannot be construed as based on speedy trial principles (subd [1] [g]). The court never specified that it was dismissing on constitutional (CPL 30.20; Barker v Wingo, 407 US 514, 530) or statutory speedy trial grounds (CPL 30.30), and it is clear that the People’s time to prosecute defendant had not expired under either theory.* **[4]
Moreover, an examination of the statutory scheme manifests the Legislature’s attempt to avoid judicial interference by providing that before an accusatory instrument is dismissed prior to presentment of evidence, the prosecutor should have advance notice that dismissal is being contemplated, followed by a chance to explain the circumstances leading to *573 delay and, if dismissal is granted, an opportunity for appellate review so that arbitrary action by the trial court can be remedied (see, CPL 210.45). None of these safeguards was afforded to the District Attorney in this case.
Nor did the court have the inherent power to dismiss the prosecution (see, People v Douglass, 60 NY2d 194, supra). In Douglass we considered several unrelated cases, argued together in this court, in which trial orders of dismissal had been entered after the People failed to proceed. The prosecutions involved misdemeanor complaints and, by statute, such complaints must be converted into informations before trial can commence. This is done by annexing to the complaints affidavits executed by the complaining witnesses. In the Douglass cases, the People had failed to obtain affidavits from the complaining witnesses, omissions analogous to failing to produce the complaining witness for trial in this case. We reversed orders dismissing the complaints, concluding that courts did not have statutory power to dismiss the subject proceedings and that they had never possessed inherent power to do so, even in the interests of justice. Indeed, we noted that for many years the Legislature resisted giving the judiciary power to dismiss an accusatory instrument, even on interest of justice grounds, notwithstanding its recognition that prosecutors often refused unjustly, or failed through inadvertence, to bring a case to trial for extended periods of time (id., at 202-204).
The reluctance to recognize such broad inherent powers can best be understood when one compares the dismissal powers of courts presiding over criminal prosecutions and similar powers held by courts in civil proceedings. In civil matters, particularly those involving private litigants, the State’s interests are largely administrative and relate solely to the effective operation and management of the judicial system. Even so, the courts have no inherent power to dismiss civil cases for failure to proceed and cannot do so in the absence of legislation (see, Cohn v Borchard Affiliations, 25 NY2d 237, 248; see, CPLR 3216). By contrast, criminal proceedings implicate more substantial concerns. District Attorneys are members of the executive branch of government, constitutional officers charged with the responsibility for prosecuting offenders in the county they represent and possessing broad discretion in determining when and in what manner to do so (see generally, County Law § 700 [1]; Matter of Schumer v Holtzman, 60 NY2d 46, 50; People v Di Falco, 44 NY2d 482, 486). A court’s *574 precipitous dismissal of a criminal proceeding not only raises separation of powers concerns but also may have serious practical consequences, particularly when related proceedings or investigations are involved, and may directly affect the District Attorney’s ability to exercise those powers.
It should be emphasized that the trial court was not helpless here. As suggested in People v Douglass (60 NY2d 194, 200, supra), the court could have denied the adjournment and, if the prosecutor was unable to proceed, placed the case on a reserve calendar to be restored only when ready for trial or dismissed when the speedy trial period had elapsed (see, e.g., Matter of Morgenthau v Gold, 69 NY2d 735).[5] Alternatively, petitioner suggests that the court could have exercised its contempt powers if the People failed to use reasonable efforts to produce complainant. It also could have entertained a motion for dismissal in the interest of justice (see, People v Henriquez, 68 NY2d 679; People v Rickert, 58 NY2d 122, supra; People v Wingard, 33 NY2d 192). Indeed, the court’s references to "basic equity” suggest that interest of justice indeed motivated it in this case. Its order was not based on appealable interest of justice grounds, however. Instead, it entered a nonappealable trial order of dismissal on the merits when there had been neither a trial nor consideration of the merits, and it was without power to do so.
Finally, addressing the dissent, no casual reader should be left believing that this court really has "routinized” the extraordinary remedy of prohibition, or impaired the authority or discretion of trial courts or the Appellate Division to deal with adjournments or prosecutorial abuses. The court does neither.
First, this decision does not in any sense render the extraordinary remedy of prohibition routine or ordinary. Both the extraordinary nature of prohibition and its appropriate use here — where the trial court has acted outside its power in terminating a criminal prosecution — are well illustrated by contrasting this case with Matter of State of New York v King (supra) (dissenting opn, at 578). In King, prohibition was denied *575 to review a ruling during trial allowing 30 rather than 20 peremptory challenges. As former Chief Judge Breitel wrote: "[n]o trial can be conducted while appellate courts by their own protracted proceedings review the alleged errors which may arise preliminary to the trial, during the trial, and before the verdict and judgment. Such a system is neither civilized nor even rational. And most certainly it would make speedy trial a legal impossibility.” (36 NY2d, at 63-64.) Here, by contrast, the trial court has terminated a prosecution by entering a nonappealable order of dismissal where it has no inherent (People v Douglass, 60 NY2d 194, supra) or statutory (see, CPL 210.20) power to do so. Nor can statutory power for the dismissal be found under CPL 290.10, upon which the dismissal ostensibly was based. Dismissal under CPL 290.10 can be made only upon defendant’s motion; defendant did not seek dismissal. Dismissal in this singular case was plainly and simply the trial court’s reaction to the People’s expression on November 10 that they could not produce the complainant.
Second, it should be made perfectly plain that the court’s decision does not divest Supreme Court of authority or discretion respecting adjournments or otherwise. Nor does it elevate the prosecutor or approve prosecutorial ploys or disregard of a defendant’s rights. Only the extreme measure of dismissal of a criminal prosecution is in issue — not any of the panoply of other measures available to courts for dealing with abuses respecting adjournments or improper conduct of any sort. This court in no way denies or curtails even the extreme measure of dismissal of a criminal prosecution to redress the People’s abuse of adjournments. Dismissal in the interest of justice may well be appropriate for just such abuses; indeed, "the attitude of the complainant” is specifically identified among the factors to be considered on a motion to dismiss in furtherance of justice (CPL 210.40 [1] [i]). But when a trial court dismisses a prosecution in the interest of justice — as the trial court here appears to have done, citing "basic equity” principles, and noting the People’s "failure to produce * * * the complaining witness, after being ordered to do so and being given a month’s adjournment to do so” — it must follow CPL 210.40, stating the basis for its ruling and entering an appeal-able order. The trial court’s failure to follow the statute is what requires reversal here, a determination involving nothing more than a straightforward application of settled law.
Accordingly, the judgment of the Appellate Division should be reversed and the petition granted.

. The court’s dismissal was not final until it issued its order on November 18, 1986. The four-month Statute of Limitations applicable in article 78 proceedings (CPLR 217) thus did not accrue until that date. This proceeding, commenced March 18, 1987, is therefore timely.

. [3] Not all dismissals are subject to review by way of an article 78 proceeding, of course. Prohibition will not lie to address pretrial dismissals of indictments entered pursuant to CPL 210.20, or dismissals on the merits pursuant to CPL 290.10 (1) (b) rendered after the jury returns a guilty verdict, for such dismissals are reviewable by way of direct appeal (CPL 450.20 [1], [2]). Nor will prohibition lie to assess the propriety of dismissals rendered after the People choose to go forward with their evidence, but before a verdict is reached (CPL 290.10 [1] [a]), for any issue remaining in the case is rendered academic by the fact that further prosecution of the defendant is proscribed by double jeopardy principles (Tibbs v Florida, 457 US 31, 41; People v Brown, 40 NY2d 381, 391, cert denied 433 US 913).

. CPL 210.20 (1) provides:
"1. After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that:
"(a) Such indictment or count is defective, within the meaning of section 210.25; or
"(b) The evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense; or
"(c) The grand jury proceeding was defective, within the meaning of section 210.35; or
"(d) The defendant has immunity with respect to the offense charged, pursuant to section 50.20 or 190.40; or *572 "(e) The prosecution is barred by reason of a previous prosecution, pursuant to section 40.20; or
"(f) The prosecution is untimely, pursuant to section 30.10; or "(g) The defendant has been denied the right to a speedy trial; or "(h) There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged; or
"(i) Dismissal is required in the interest of justice, pursuant to section 210.40.”

. Matter of Lipari v Owens (70 NY2d 731, 733), People v Foy (32 NY2d 473, 478) and People v Jackson (111 NY 362, 367), cited by the dissent, have no bearing on this case.
In Lipari, the action challenged by prohibition was the trial court’s order requiring defendant to obtain new counsel after 18 adjournments had been granted because of counsel’s unavailability. The case involved neither the court’s power to dismiss, nor the separation of powers problems implicated by dismissal. In holding that prohibition did not lie, we noted that the court’s action was reviewable on appeal. The court’s dismissal of the prosecution in this case, however, is insulated from appellate review.
Foy and Jackson addressed the court’s authority to deny adjournments, but the discretionary power of the court to grant or deny an adjournment is not disputed. The question is what power the court had once it had denied the requested adjournment. Neither Foy nor Jackson shed light on the answer.

. The Morgenthau case relied upon by the dissent is inapposite to the case before us. In Morgenthau we denied prohibition, implicitly finding that the trial court had the discretionary power to place a case not ready for trial on the reserve calendar, as we suggested in People v Douglass (60 NY2d 194), and also had the discretionary power to deny a motion by the District Attorney to restore the case to the active calendar until the People were ready to proceed to trial.