■ In the Matter of A., Petitioner, v ALDO NASTASI et al., Respondents.—Proceeding pursuant to CPLR article 78, (1) to compel the respondent Nastasi to make a stenographic record and enter an order upon any determination he makes in connection with the respondent Attorney-General's application for discovery with respect to the petitioner's alleged hospitalizations for mental illness, in an underlying proceeding for the dissolution of a not-for-profit corporation, and (2) to prohibit the respondent Nastasi from taking any action with regard to the discovery application without first issuing an order and allowing the petitioner time to perfect an appeal therefrom.

Adjudged that the proceeding is dismissed, without costs or disbursements.

In view of Justice Nastasi's indication that, subsequent to the parties' submission of briefs, he will make a ruling with respect to whether the Mental Hygiene Law requires a further inquiry from the Commissioner of the Office of Mental Health and will issue an appropriate order from which the petitioner may appeal if he is aggrieved, it is unnecessary to issue an extraordinary writ in the nature of mandamus or prohibition.

Moreover, "[b]ecause of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *accord, Matter of Rush v Mordue,* 68 NY2d 348, 353). Absent such circumstances, prohibition does not lie. Mangano, J. P., Bracken, Spatt and Rosenblatt, JJ., concur.