■ In the Matter of the BOARD OF ASSESSORS AND THE BOARD OF ASSESSMENT REVIEW OF THE TOWN OF EAST HAMPTON et al., Petitioners, v ARTHUR M. CROMARTY et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondent Cromarty, a Justice of the Supreme Court, in his capacity as Administrative Judge of the Supreme Court,

Suffolk County, or any other Justice to whom the duties of administrator might be assigned in the future, from assigning Hearing Officers to hear and determine Small Claims Assessment Review petitions against the petitioners filed by the respondent Hammer on behalf of property owners in the Town of East Hampton.

Adjudged that the proceeding is dismissed, without costs or disbursements. "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its unauthorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *accord, Matter of Rush v Mordue,* 68 NY2d 348, 353). The extraordinary remedy of prohibition does not properly lie under the instant circumstances. Moreover, even if prohibition lies and it appears that the court is acting in excess of its jurisdiction, relief is not granted as of right. The question of whether to grant prohibition is within the sound discretion of the reviewing court *(see, Matter of Holtzman v Goldman, supra).* Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.