■ In the Matter of DORIS L. SASSOWER, Petitioner, v GUY J. MANGANO et al., Respondents. [601 NYS2d 958] —Proceeding pursuant to CPLR article 78, inter alia, in the nature of a writ of prohibition to bar the respondents from taking any further action with respect to an attorney disciplinary petition dated February 6, 1990, in which the respondents moved to dismiss the CPLR article 78 proceeding for failure to state a cause of action and as barred by the Statute of Limitations, and the petitioner cross-moved, inter alia, to (1) stay prosecution of the disciplinary proceeding under the petition dated February 6, 1990, as well as a petition dated January 28, 1993, and a supplemental petition dated March 25, 1993, (2) recuse the Justices of the Appellate Division, Second Department, from presiding over this CPLR article 78 proceeding pursuant to the Code of Judicial Conduct Canon 3 (C), and transferring it to another Judicial Department, and (3) compel production of a Grievance Committee Report dated July 31, 1989, upon

which the petition dated February 6, 1990, is based, the Grievance Committee Report dated December 17, 1992, upon which the supplemental petition dated March 25, 1993, is based, and the Grievance Committee Report dated July 8, 1992, upon which the petition dated January 28, 1993, is based, and for other disclosure pursuant to CPLR 408 and 3101 (a).

Ordered that the respondents' motion to dismiss the CPLR article 78 proceeding is granted; and it is further,

Ordered that the petitioner's cross motion is denied in its entirety; and it is further,

Adjudged that the petition is denied and the CPLR article 78 proceeding is dismissed on the merits; and it is further,

Ordered that the respondents are awarded one bill of costs.

The remedy of prohibition is available only where there is a clear legal right and, in instances where judicial authority is challenged, only when a court acts or threatens to act either without jurisdiction or in excess of its authorized powers (see, Matter of Holtzman v Goldman, 71 NY2d 564, 569). Inasmuch as the petitioner's jurisdictional challenge can be addressed in the underlying disciplinary proceeding or by way of a motion to confirm or disaffirm a Referee's report, the petitioner is not entitled to the extraordinary remedy of prohibition. Thompson, J. P., Bracken, Sullivan, Balletta and Rosenblatt, JJ., concur.