■ In the Matter of WILLIAM F. BONEZ, Petitioner, v GEORGE G. BERNHARD, as Surrogate of the Surrogate's Court of Dutchess

County, et al., Respondents. [623 NYS2d 136]—Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* (1) to enjoin the respondent George G. Bernhard "from any further proceedings in relation to petitioner's judicial intervention request" in two pending actions entitled *Bonez v Coombe,* and *Bonez v Artuz,* respectively, (2) to prohibit the respondent Bernhard from presiding over any further legal proceedings involving the petitioner pending the determination of the instant proceeding, and (3) to enjoin the respondent Bernhard's law clerk from "manufacturing orders and filing the same with the Clerk of the Court".

Motion by the respondents to dismiss the proceeding.

Upon the petition and papers filed in support of the proceeding, and the papers filed in opposition thereto and in support of the motion, it is

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). The petitioner here has failed to demonstrate a clear legal right to the relief sought. Miller, J. P., Thompson, Santucci and Joy, JJ., concur.