■ In the Matter of DIANDRE MCNEILL, Petitioner, v STEPHEN ROONEY et al., Respondents. [716 NYS2d 402] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to prohibit the respondents from proceeding with a retrial of a criminal action against the petitioner entitled *People v Diandre McNeill,* pending in the Supreme Court, Richmond County, under Indictment No. 57/1999, and application for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioner alleges that the prosecutor deliberately provoked his trial counsel into moving for a mistrial at the trial of Indictment No. 57/1999, and therefore a retrial is barred by the doctrine of double jeopardy (*see,* CPL 210.20 [1] [3]; *Oregon v Kennedy,* 456 US 667). However, there was no evidence that the prosecutor acted with a bad faith intent to cause a mistrial when he made an improper statement in his opening, nor when the first witness gave two improper answers to his questions. "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Ritter, J. P., Florio, H. Miller and Feuerstein, JJ., concur.