(October 5, 2001)

■ In the Matter of RALPH ROMANO, JR., Petitioner, v ARTHUR COOPERMAN, as Justice of the Supreme Court of the State of New York, Respondent. [734 NYS2d 842] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to prohibit the respondent Justice of the Supreme Court, Queens County, from enforcing an order dated September 10, 2001, which directed the petitioner to turn over to the Queens County District Attorney recorded statements of prosecution witnesses and photographs in an action entitled *People v Romano,* pending in the Supreme Court, Queens County, under Indictment No. 3673/99.

Motion by the respondent to dismiss the proceeding.

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought. Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.