■ In the Matter of SHERAY PARKS, Petitioner, v PATRICIA M. DIMANGO, as Justice of the Supreme Court of the State of

New York, et al., Respondents. [731 NYS2d 876] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to prohibit the respondents from proceeding in an action entitled *People v Kywann Henry,* pending in the Supreme Court, Kings County, under Indictment No. 2076/01, and application by the petitioner to prosecute the proceeding as a poor person.

Ordered that the application is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought (*see, Matter of Lumpkins v Griffin,* 286 AD2d 334; *Matter of Nanton v Grosso,* 286 AD2d 335). Altman, J. P., S. Miller, McGinity, H. Miller and Crane, JJ., concur.