*ter of Wilson v Department of Envtl. Conservation of State of N.Y.,* 136 AD2d 647 [1988]).

The Supreme Court properly dismissed the petitioners' third and fourth causes of action, alleging that the building permit was issued in violation of the Town's zoning law, for failure to exhaust administrative remedies. The petitioners were required to challenge the issuance of the building permit before the Town's Zoning Board of Appeals prior to commencing this proceeding, and thus their present claims are not properly before us (*see Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [1978]; *Sabatini v Incorporated Vil. of Kensington,* 284 AD2d 320 [2001]; *Matter of Crystal Pond Homes v Prior,* 267 AD2d 383 [1999]; *Sloane v Annunziato,* 234 AD2d 281 [1996]). In any event, they are without merit.

The petitioners' remaining contentions are without merit. Ritter, J.P., S. Miller, Goldstein and H. Miller, JJ., concur.

■ In the Matter of FARID "JOHN" POPAL, Petitioner, v ROBERT J. HANOPHY, as Justice of the Supreme Court of the State of New York, et al., Respondents. [763 NYS2d 499] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondent Robert J. Hanophy, a Justice of the Supreme Court, Queens County, from commencing trial in an underlying criminal action entitled *People v Popal,* pending under Queens County Indictment No. 2186/02.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *see Matter of Wright v Greenberg,* 296 AD2d 463 [2002]). Under the circumstances of this case, the petitioner failed to demonstrate a clear legal right to the relief sought (*see generally People v Giordano,* 87 NY2d 441 [1995]). Altman, J.P., Goldstein, McGinity and H. Miller, JJ., concur.

■ In the Matter of FARHAD "FRANK" POPAL, Petitioner, v ROBERT J. HANOPHY, as Justice of the Supreme Court of the State of New York, et al., Respondents. [763 NYS2d 499] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondent Robert J. Hanophy, a Justice of the Supreme Court, Queens County, from commencing trial in an underlying criminal action entitled *People v Popal,* pending under Queens County Indictment No. 2186/02.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Wright v Greenberg*, 296 AD2d 463 [2002]). Under the circumstances of this case, the petitioner failed to demonstrate a clear legal right to the relief sought (*see generally People v Giordano*, 87 NY2d 441 [1995]). Altman, J.P., Goldstein, McGinity and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAMZA ATTAWWAB, Appellant. [763 NYS2d 496] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 14, 2003 (*People v Attawwab*, 304 AD2d 672 [2003]), affirming a judgment of the Supreme Court, Kings County, rendered October 5, 2000.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]). Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JOSEPH DEFEO, JR., Appellant. [763 NYS2d 495] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 27, 1978 (*People v DeFeo*, 61 AD2d 1141 [1978]), affirming a judgment of the Supreme Court, Suffolk County, rendered December 4, 1975, and motion by the appellant for summary judgment on the application for a writ.

Upon the papers filed in support of the application and motion and the papers filed in opposition thereto, it is

Ordered that the application and motion are denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]). Ritter, J.P., Santucci, Altman and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE IVORY, Appellant. [763 NYS2d 490] —Appeal by the defendant from a judgment of the Supreme Court, Queens County