In the Matter of DIANE N.-J., Petitioner, v PETER J. ROSATO et al., Respondents. JENNIFER J. et al., Nonparty Appellants. [835 NYS2d 322]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the enforcement of an order issued by the respondent, Justice Peter J. Rosato, dated August 2, 2006, which referred the matter known as *Matter of the Appointment of a Guardian under Article 81 for James Joseph J., Sr., a Person Alleged to be Incapacitated,* pending in the Supreme Court, Westchester County, under index No. 13877/06, to a Special Referee, Colleen Lundwall, Esq., and to direct a hearing de novo before a Justice of the Supreme Court, Westchester County.

Adjudged that the petition is granted to the extent of prohibiting the enforcement of the order dated August 2, 2006, and directing that the matter known as *Matter of the Appointment of a Guardian under Article 81 for James Joseph J., Sr., a Person Alleged to be Incapacitated,* pending in the Supreme Court, Westchester County, under index No. 13877/06, be heard de novo before a justice of the Supreme Court, Westchester County, with such hearing to be held as expeditiously as possible to determine the issues raised in the underlying petition pursuant to Mental Hygiene Law article 81; the petition is otherwise denied, without costs or disbursements, and the proceeding is otherwise dismissed.

The Supreme Court exceeded its authority in permitting the referee to hear and report on the issues raised in the underlying petition pursuant to Mental Hygiene Law article 81 for the appointment of a guardian (*see Matter of Levy v Davis,* 302 AD2d 309, 311-312 [2003]). The underlying article 81 petition was filed by the daughter of the alleged incapacitated person (hereinafter the AIP). Although the petitioner in this proceeding— who is the wife of the AIP—initially consented to the referral, she later withdrew her consent when she challenged the daughter's petition and filed a cross petition seeking to have herself appointed as guardian. The issue of which party is the more appropriate guardian is sharply contested, and the AIP's capacity to express a preference as to the choice of a guardian remains to be determined. Under these circumstances, the relevant witnesses, including the AIP, should be observed firsthand by a Justice rather than by a referee (*see Matter of Levy v Davis, supra*; Law Revision Commission Comments, McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.11, at 148-149). We therefore find that the petitioner established a clear legal right to have the contested underlying petition pursuant to Mental Hygiene Law article 81 heard de novo by a justice of the Supreme Court (*see Matter of Holtzman v Goldman,* 71 NY2d 564, 569-570 [1988]; *Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]).

Accordingly, the petition is granted to the extent indicated. The remaining contentions are without merit. Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.