■ In the Matter of JOACHIM CHIANTELLA, Petitioner, v JOHN J.J. JONES, JR., et al., Respondents. [892 NYS2d 877]—Proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the respondent John J.J. Jones, Jr., a Justice of the Supreme Court, Suffolk County, to vacate an order dated July 30, 2009, in a proceeding entitled *Matter of Chiantella v Vishnick*, pending in that court under index No. 08-11232, and to recuse himself from that proceeding, and in the nature of prohibition, among other things, to prohibit the respondent Robert L. Nahman, the Queens County Surrogate, from assuming jurisdiction of the proceeding.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). In addition, "[b]ecause of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348 [1986]). The petitioner has failed to demonstrate a clear legal right to the relief sought. Skelos, J.P., Eng, Belen and Roman, JJ., concur.