*991 “Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court — in cases where judicial authority is challenged — acts or threatens to act either without jurisdiction or in excess of its authorized powers” (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]).
The petitioner failed to demonstrate a clear legal right to the extraordinary remedy of prohibition (see id.). The petitioner contends that the People are barred from proceeding with the subject prosecution against him on the grounds, inter alia, of double jeopardy and collateral estoppel. However, the petitioner’s claims are based upon a prosecution and acquittal in a criminal action litigated in the County Court, Dutchess County, which related to a transaction between the petitioner and a Dutchess County investigator during 2003 and 2004. In Westchester County, the petitioner has been indicted for promoting prostitution in the third degree, in connection with a separate transaction between the petitioner and a Westchester County investigator in 2010 (see Penal Law § 230.25 [1]). Under these circumstances, it cannot be said that Westchester County District Attorney is prosecuting the petitioner for the same offense for which he was acquitted in Dutchess County. Accordingly, in connection with this petition, the petitioner has not demonstrated that the instant prosecution in Westchester County deprives him of his protections against double jeopardy (see Benton v Maryland, 395 US 784, 794 [1969]; People v Vasquez, 89 NY2d 521, 527 [1997], cert denied sub nom. Cordero v Lalor, 522 US 846 [1997]), or implicates the doctrine of collateral estoppel (see People v Aguilera, 82 NY2d 23, 29-30 [1993]). Florio, J.P., Hall, Austin and Miller, JJ., concur.