■ In the Matter of STEVE HOCK, Petitioner, v MICHAEL BRENNAN et al., Respondents. [972 NYS2d 74]—

Proceeding pursuant to CPLR article 78, in effect, in the nature of prohibition to prohibit the respondent Michael Brennan, a Justice of the Supreme Court, Kings County, from enforcing an order dated April 8, 2013, which vacated an order of the same court dated May 24, 2011, staying the execution of a judgment rendered against the petitioner on May 19, 2011, in a criminal action entitled *People v Hock*, under Kings County indictment No. 76512/08.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondent Michael Brennan, a Justice of the Supreme Court, Kings County, is prohibited from enforcing the order dated April 8, 2013, which vacated an order of the same court dated May 24, 2011, staying the execution of

a judgment rendered against the petitioner on May 19, 2011, in a criminal action entitled *People v Hock*, under Kings County indictment No. 76512/08.

On May 19, 2011, the Criminal Court, Kings County, rendered a judgment convicting the petitioner of 85 misdemeanor counts of violating Agriculture and Markets Law §§ 353, 356 and 359 in connection with his treatment of 69 cats in his care. The petitioner was sentenced to 60 days of incarceration, plus a period of three years of probation. In an order dated May 24, 2011, Justice Michael Brennan of the Supreme Court, Kings County, granted the petitioner's motion pursuant to CPL 460.50 to stay the execution of the judgment pending the determination of his appeal to the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Appellate Term), and to release him on his own recognizance (hereinafter ROR). As a condition of the stay and ROR, the petitioner was "prohibited from owning, harboring, having custody or control over any animals" until the matter was resolved.

Thereafter, in orders dated September 19, 2011, December 9, 2011, and April 16, 2012, respectively, the Appellate Term granted the petitioner's motions pursuant to CPL 460.50 (4) to continue the stay of execution of the judgment, pending the determination of the appeal, on the condition that the appeal was timely perfected. The petitioner timely perfected his appeal on July 6, 2012.

On March 27, 2013, the People moved by order to show cause, before Justice Brennan in the Supreme Court, to vacate the stay of execution of the judgment and to revoke the petitioner's ROR that had been granted in the order dated May 24, 2011. The People alleged that the petitioner violated the condition of release that he not own, harbor, or have custody or control over any animals pending the appeal. Justice Brennan directed a hearing on the motion, after which he issued an order dated April 8, 2013, granting the People's motion to vacate the stay of execution of the judgment, based on his determination that the petitioner violated the condition that he not have custody or control over any animals. The petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit Justice Brennan from enforcing the order dated April 8, 2013, on the ground that Justice Brennan, as a trial justice of the Supreme Court, lacked jurisdiction to entertain the People's motion to vacate the stay of execution of the judgment and to revoke the petitioner's ROR that had been granted in the order dated May 24, 2011.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]).

CPL 460.50 (4) provides for the automatic termination of an order staying the execution of a judgment pending appeal after 120 days if the appeal has not been perfected. However, this automatic termination does not apply where an intermediate appellate court has extended the time to perfect the appeal beyond 120 days and, "upon application of the defendant, expressly ordered that the operation of the order continue until the date of the determination of the appeal or some other designated future date or occurrence" (CPL 460.50 [4]). Thus, according to the express terms of the statute, after 120 days, either an order granting a stay expires, or the intermediate appellate court, by directing that the operation of the order continue, obtains jurisdiction over the stay. Correspondingly, where the court that issues an order granting a stay pending appeal is not an intermediate appellate court, that court does not retain any authority over the stay after the initial 120-day period. Where, as here, an intermediate appellate court exercises its power to continue an order granting a stay, any motion to revoke the underlying order is required to be made in that court, which may then remit the motion to the issuing court for a hearing if necessary.

Here, the Appellate Term, an intermediate appellate court, exercised its statutory authority to continue the stay of execution of the judgment pending appeal after the initial 120-day period had lapsed. Accordingly, that court had sole jurisdiction over the stay, and Justice Brennan acted in excess of jurisdiction in entertaining the People's motion and vacating the order dated May 24, 2011. Thus, we conclude that the petitioner established a clear legal right to have only the Appellate Term consider any request by the People to revoke the stay, pending appeal, of the execution of the judgment of conviction rendered against him. We, thus, grant the petition. Angiolillo, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.