— Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondent Anthony Maraño, a Justice of the Supreme Court, Nassau County, and the former Administrative Justice of the County of Nassau, and Maureen O’Connell, the County Clerk of the County of Nassau, from implementing and continuing to implement certain policies pertaining to the judicial disposition of applications for poor person relief and petitions for writs of habeas corpus, and application by the petitioner for poor person relief. Motion by the respondents pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition.
Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,
Ordered that upon the papers filed in support of the motion and the papers filed in opposition thereto, the respondents’ motion to dismiss the petition is denied, without costs or disbursements; and it is further,
Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
Contrary to the respondents’ contentions, the petitioner has standing to prosecute this proceeding, and the allegations in the *703 petition are sufficient to state a cause of action (see CPLR 3211 [a] [3], [7]).
Nonetheless, “[b]ecause of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court — in cases where judicial authority is challenged — acts or threatens to act either without jurisdiction or in excess of its authorized powers” (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; see Matter of Rush v Mordue, 68 NY2d 348, 352 [1986]).
The petitioner failed to demonstrate a clear legal right to the relief sought. Dillon, J.R, Hall, Austin and Duffy, JJ., concur.