Matter of Jackson v Marber (2018 NY Slip Op 02785)





Matter of Jackson v Marber


2018 NY Slip Op 02785


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-01427 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Erwin Jackson, petitioner,
v Randy Sue Marber, etc., et al., respondents. Erwin Jackson, Elmira, NY, petitioner pro se.


Eric T. Schneiderman, Attorney General, New York, NY (Carly Weinreb of counsel), for respondents Randy Sue Marber and Jerald S. Carter.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Monica M.C. Leiter of counsel), respondent pro se.



Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the enforcement of a judgment of conviction rendered July 30, 2008, in a criminal action entitled People v Jackson, commenced in the County Court, Nassau County, under Indictment No. 2826/05, and any orders issued in connection with the indictment, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts

or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court