Matter of Wai-Kim C. v Ozzi (2018 NY Slip Op 06240)





Matter of Wai-Kim C. v Ozzi


2018 NY Slip Op 06240


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-04188 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Wai-Kim C. (Anonymous), petitioner,
v
Wayne M. Ozzi, etc., et al., respondents.


Mental Hygiene Legal Service, Garden City, NY (Felicia B. Rosen and Arthur A. Baer of counsel), for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Seth M. Rokosky of counsel), for respondent Ann Marie T. Sullivan.



Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondent Honorable Wayne M. Ozzi, an Acting Justice of the Supreme Court, Richmond County, from enforcing an order dated January 31, 2018, in an underlying criminal action against the petitioner pending in the Supreme Court, Richmond County. Motion by the respondent Ann Marie T. Sullivan to dismiss the proceeding insofar as asserted against her on the ground that the petition fails to state a claim upon which relief can be granted.
ORDERED that the motion is granted and the proceeding is dismissed insofar as asserted against the respondent Ann Marie T. Sullivan; and it is further,
ADJUDGED that the petition is otherwise denied and the proceeding is otherwise dismissed, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352).
The petitioner has failed to establish a clear legal right to the relief sought.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court