Matter of Krichevsky v Dear (2019 NY Slip Op 04167)





Matter of Krichevsky v Dear


2019 NY Slip Op 04167


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-01809 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Michael Krichevsky, petitioner,
v
Noach Dear, etc., et al., respondents. Michael Krichevsky, Brooklyn, NY, petitioner pro se.


Letitia James, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondent Noach Dear.



Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition, in effect, to prohibit the enforcement of an order of the respondent Noach Dear, a Justice of the Supreme Court, Kings County, dated October 12, 2018, entered in an action entitled U.S. Bank National Association v Krichevsky , commenced in that court under Index No. 506127/16, and for declaratory relief, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioner failed to demonstrate a clear legal right to the relief sought. In addition, the petitioner cannot seek declaratory relief in a CPLR article 78 proceeding (see CPLR 3017).
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court