Abdul-Malik v Livote (2020 NY Slip Op 04834)





Abdul-Malik v Livote


2020 NY Slip Op 04834


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2020-05284 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Salim Abdul-Malik, petitioner,
v
Leonard Livote, et al., respondents. Salim Abdul-Malik, Accra, Ghana, petitioner pro se.


Letitia James, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondents.



Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to compel the respondent Leonard Livote, a Justice of the Supreme Court, Queens County, to mark an action entitled Abdul-Malik v Knowlden , pending in the Supreme Court, Queens County, under Index No. 1817/18, as dismissed without prejudice, and to prohibit that respondent from entertaining any counterclaim interposed by the defendant in that action, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
LEVENTHAL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court