Matter of Clean Realty LLC v City of New York (2021 NY Slip Op 01140)





Matter of Clean Realty LLC v City of New York


2021 NY Slip Op 01140


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 159012/18 Appeal No. 13181 Case No. 2019-5273 

[*1]In the Matter of Clean Realty LLC, Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents.


Berger Fink LLP, New York (Jason M. Fink of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered May 20, 2019, which, to the extent appealed from as limited by the briefs, denied the petition seeking to annul several determinations of respondent City of New York Office of Administrative Trials and Hearings (OATH), dated between January 4, 2017 and October 15, 2018, sustaining, after hearings or upon petitioner's failure to appear, charges of building code violations brought by respondent City of New York Department of Buildings (DOB), and denying motions to vacate defaults, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court correctly found that OATH, the parent agency to the Environmental Control Board (ECB) since 2008, did not act without, or in excess of, its jurisdiction (CPLR 7803[2]; Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]). Petitioner fails to prove a conflict where "local laws prohibit what would be permissible under [s]tate law, or impose prerequisite additional prescriptions on rights under [s]tate law, so as to inhibit the operation of the State's general laws" (Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d 601, 617 [2018][internal quotation marks omitted]). The 2008 amendments to the City Charter passed by the City Council moved the ECB from the New York City Department of Environmental Protection into OATH and altered the membership and chairmanship of the board (NYC Charter § 1049-a), but did not add to or subtract from the ECB's adjudicatory powers over building code violations granted by the State legislature in 1984, which did not preclude a transfer into any other agency or implicate the appointment of hearing officers (see former NYC Charter § 1404). The ECB continues to exist, as it reviews the recommended decisions of hearing officers and the OATH Appeals Unit upon further appeal (48 RCNY §§ 3-15, 6-17[c][3], 6-19[g][3]).
Petitioner fails to prove that the State intended to occupy the field of adjudicating building code violations. Given the explicit grant of authority to the ECB, petitioner cannot demonstrate a State-created "comprehensive and detailed regulatory scheme" requiring "[s]tate-wide uniformity" in this area (Garcia, 31 NY3d at 618). The State legislature has not only remained silent on the 2008 amendments (see Roberts v Tishman Speyer Props., L.P., 13 NY3d 270, 287 [2009], citing Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd., 41 NY2d 84, 90 [1976]), but has also passed subsequent legislation adding further adjudicatory powers to the ECB that expressly adopts the scheme set forth in the 2008 City Charter amendment (see e.g. L 2014, ch 485, § 1; L 2012, ch 410, § 2; L 2010, ch 167, § 2; L 2010, ch 147, § 2). "[I]t would be difficult to reconcile the state legislature's repeated explicit recognition" of the City's 2008 amendments "with an intent to implicitly repeal" them or to occupy the field (Garcia[*2], 31 NY3d at 621).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021