Matter of Falco v Mazzei (2021 NY Slip Op 04663)





Matter of Falco v Mazzei


2021 NY Slip Op 04663


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2021-03820 DECISION, ORDER & JUDGMENT

[*1]In the Matter of David Falco, petitioner,
v
Timothy Mazzei, etc., et al., respondents.


Robert J. Del Col, Bay Shore, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Melissa Ysaguirre of counsel), for respondent Timothy Mazzei.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Drew W. Schirmer of counsel), for respondents Thomas Bianco, Acting Director of the Suffolk County Department of Probation, and Suffolk County Department of Probation.



Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondents Timothy Mazzei, a Judge of the County Court, Suffolk County, Thomas Bianco, Acting Director of the Suffolk County Department of Probation, and Suffolk County Department of Probation from enforcing a resentence of the County Court, Suffolk County, imposed January 26, 2021, in a criminal action entitled People v Falco , commenced in the County Court, Suffolk County, under Indictment No. 372/19. Motion by the respondents Thomas Bianco, Acting Director of the Suffolk County Department of Probation, and Suffolk County Department of Probation pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition insofar as asserted against them, inter alia, for failure to state a cause of action.
ORDERED that the motion of the respondents Thomas Bianco, Acting Director of the Suffolk County Department of Probation, and Suffolk County Department of Probation to dismiss the petition insofar as asserted against them is granted; and it is further,
ADJUDGED that the proceeding is dismissed, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). Here, the petitioner failed to state a cause of action for relief in the nature of prohibition against the respondents Thomas Bianco, Acting Director of the Suffolk County Department of Probation, and Suffolk County Department of Probation. Accordingly, those respondents' motion to dismiss the petition insofar as asserted against them must be granted.
CPLR 307(2) requires personal service on a state officer sued in an official capacity in order to obtain jurisdiction over the state officer. Insofar as is relevant, the statute provides that personal service on a state officer "shall be made by (1) delivering the summons to such officer . . . , or (2) by mailing the summons and certified mail, return receipt requested, to such officer . . . and by personal service upon the state." Here, the petitioner failed to effectuate personal service upon [*2]the respondent Timothy Mazzei, a Judge of the County Court, Suffolk County. Accordingly, the proceeding must be dismissed insofar as asserted against him.
CHAMBERS, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court