Matter of DeFreitas v Senft (2025 NY Slip Op 04175)

Matter of DeFreitas v Senft

2025 NY Slip Op 04175

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2025-05474

[*1]In the Matter of Russell DeFreitas, petitioner,
v
Anthony Senft, etc., et al., respondents.

Letitia James, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondent Anthony S. Senft, Jr., sued herein as Anthony Senft.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash of counsel), for respondent Jacob Kubetz.
Russell DeFreitas, Riverhead, NY, petitioner pro se.

Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of prohibition to prohibit the respondent Anthony S. Senft, Jr., sued herein as Anthony Senft, a Judge of the County Court, Suffolk County, from enforcing a judgment of conviction rendered April 29, 2025, in an action entitled People v DeFreitas , commenced in that court under Indictment No. 71385/23, and application by the petitioner for a waiver of costs, fees, and expenses.
ORDERED that the application for a waiver of costs, fees, and expenses is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought.
The petitioner's remaining contentions are without merit.
CHAMBERS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court