■ In the Matter of NATALIE NAVARRA, Petitioner, v PETER C. PATSALOS, as Justice of the Supreme Court of the State of New York, et al., Respondents. [781 NYS2d 905]—Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the respondent Peter C. Patsalos, a Justice of the Supreme Court, Orange County, from presiding at the trial of matrimonial actions pending in that court under index Nos. 2476/03 and 4441/03, to compel him to reassign the actions to another justice, and application by the petitioner for poor person relief.

Upon the papers filed in support of the proceeding and application, and the papers filed in opposition thereto, it is,

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 is waived and the application is otherwise denied; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Altman, J.P., Krausman, Cozier and Lifson, JJ., concur.