■ In the Matter of MARGARITA T. WALTER, Petitioner, v LA TIA MARTIN, as Justice of the Supreme Court of the State of New York, Respondent. JOHN WALTER, Proposed Intervenor. [840 NYS2d 918]—Proceeding pursuant to CPLR article 78, in the nature of prohibition and mandamus to compel the respondent, La Tia Martin, a Justice of the Supreme Court, Westchester County, inter alia, to reinstate the petitioner's child support and to transfer custody of the children to her. Cross motion by John Walter, for leave to intervene and to dismiss the proceeding, and separate cross motion by the respondent, inter alia, to dismiss the proceeding on the ground that the petitioner failed to state a claim upon which relief can be granted.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements; and it is further,

Ordered that the cross motions are denied as academic.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Mastro, J.P., Spolzino, Krausman and Lifson, JJ., concur.