OPINION OF THE COURT
Alfred J. Weiner, J.
Petitioner, Catskill Regional Off-Track Betting Corporation, is a public benefit corporation created by an act of the State *936 Legislature pursuant to article V of the Racing, Pari-Mutuel Wagering and Breeding Law. In this proceeding it seeks a judgment in the nature of prohibition, prohibiting respondents from issuing and prosecuting alleged building and zoning code violations.[1] Petitioner contends that respondents do not have the authority to issue building code violations against it since petitioner enjoys special status and powers. Petitioner further contends that the alleged violations can only be enforced by county and not local government, such as respondents, and that it is immune from such local regulations.
Respondents oppose the petition and contend that the property maintenance provisions of its village code apply to petitioner and that this proceeding is jurisdictionally defective in that petitioner has failed to satisfy the exceptional standard necessary to invoke prohibition. Respondents also contend that the Village of Suffern Justice Court has jurisdiction over the matter since the violations have already been issued and are currently pending in that court. Consequently, respondents claim, a necessary party to this proceeding — the Village Justice Court — has not been named and, therefore, this proceeding is jurisdictionally defective.
Executive Law § 381 (2) provides, in relevant part: “Except as may be provided in regulations of the secretary pursuant to subdivision one of this section, every local government shall administer and enforce the uniform fire prevention and building code on and after the first day of January, nineteen hundred eighty-four.”
Since “local government” means a village, town (outside the area of any incorporated village) or city,[2] it would appear that respondent has the authority to enforce the Uniform Fire Prevention and Building Code. However, 19 NYCRR 1201.2 (c) qualifies that authority and provides, in relevant part:
“A county or a city which participates in a regional off-track betting corporation established pursuant to article V of the Racing, Pari-Mutuel Wagering and Breeding Law shall be accountable for administration and enforcement of the Uniform Code with respect to buildings, premises and equipment in the *937 custody of, or activities related thereto undertaken by, such corporation, whenever such buildings, premises, equipment or activities are located or occur within the boundaries of the respective county or city.”
It is alleged, and not refuted, that Rockland County participates in the Catskill Regional Off-Track Betting Corporation.
Given the foregoing, the court finds — and it has not been disputed — that the premises in question is property that is “in the custody of ’ petitioner, Catskill Regional Off-Track Betting Corporation. Therefore, the County of Rockland and not respondent Village is the responsible party to administer and enforce the Uniform Code with respect to such building and its premises. The petition is sustained and respondents are prohibited from issuing and prosecuting alleged building code violations.

. The alleged violations include: an abandoned box truck without an inspection sticker on its premises; failure to maintain bushes alongside the building; a sagging, broken, and decaying guardrail; failure to maintain the parking lot; no working drainage system; debris and garbage in the parking lot; bushes and trees obstructing the parking lot.

. Executive Law § 372 (11).