■ In the Matter of CATSKILL REGIONAL OFF-TRACK BETTING CORPORATION, Respondent, v VILLAGE OF SUFFERN et al., Appellants. [886 NYS2d 214]—

In a proceeding pursuant to CPLR article 78 to prohibit the Village of Suffern, Village of Suffern Building and Zoning Department, and John Loniewski from issuing and prosecuting alleged building code violations, the Village of Suffern, Village of Suffern Building and Zoning Department, and John Loniewski appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered September 8, 2008, which granted the petition and prohibited them from issuing and prosecuting alleged building code violations against the petitioner.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

In 2007 John Loniewski, the code enforcement officer for the Village of Suffern Building and Zoning Department (hereinafter, together with the Village of Suffern, the Village) issued seven appearance tickets to the petitioner, Catskill Regional Off-Track Betting Corporation (hereinafter OTB) alleging violations of the Village of Suffern Building Code (hereinafter the Village Code). In response, OTB commenced this proceeding pursuant to CPLR article 78 seeking to prohibit the Village from prosecuting the violations, arguing that the New York State Uniform Fire Prevention and Building Code Act (Executive Law art 18; hereinafter the Fire Code) applied to the exclusion of the Village Code and that only the County of Rockland could enforce the Fire Code against OTB. The Supreme Court granted the petition, finding that the County, and not the Village, was responsible for administering and enforcing the Fire Code. The Village appeals, and we reverse and dismiss the proceeding.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Burgos v Griffin*, 60 AD3d 1051 [2009]; *see Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]).

Since the appearance tickets in issue allege violations of the Village Code, OTB's arguments with respect to the authority to enforce the Fire Code are immaterial. The Fire Code permits a municipality to establish and enforce its own building regulations as long as those regulations do not "supersede, void, repeal or make more or less restrictive" any of the provisions of the Fire Code or of rules or regulations made pursuant to it (Executive Law § 379 [3]). Although OTB asserts that provisions of the Village Code at issue violate that proscription, it failed to establish that they do so. As a result, OTB did not satisfy its burden in this proceeding and the proceeding should have been dismissed. Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur. [*See* 20 Misc 3d 935.]