■ In the Matter of DERRICK THOMPSON, Petitioner, v JAMES P. GRIFFIN, as Justice of the Supreme Court of the State of New York, et al., Respondents. [869 NYS2d 915]—Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the respondent James P. Griffin, a Justice of the Supreme Court, Queens County, from admitting into evidence, in the matter entitled *People v Thompson* pending in that court under indictment No. 347/07, the laboratory results of a DNA sample obtained from the petitioner. Application by the petitioner to prosecute this proceeding as a poor person.

Ordered that the application to prosecute this proceeding as a poor person is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Fisher, J.P., Florio, Carni and Chambers, JJ., concur.