■ In the Matter of JOVANY HENRIUS, Petitioner, v ALAN L. HONOROF et al., Respondents. [975 NYS2d 356]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondent Alan L. Honorof, an Acting Justice of the Supreme Court, Nassau County, from proceeding to the trial of a criminal action entitled *People v Henrius,* pending in that court under indictment No. 775N-2011, and, in effect, in the nature of mandamus to compel him to grant the petitioner's motion to suppress certain evidence.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.