■ In the Matter of GEORGE ZOUVELOS, Petitioner, v NEW YORK STATE OFFICE OF COURT ADMINISTRATION et al., Respondents. [975 NYS2d 354]—

Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel, among others, the respondent John Ingram, a Justice of the Supreme Court, Kings County, to "comply with New York State Criminal Procedure Law § 530.80," and in the nature of prohibition to prohibit, among others, the respondent John Ingram from, among other things, "interfering with private bail contracts with clients."

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). In addition, "[b]ecause of its extraordinary nature, prohibition is available only when there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348 [1986]). The petitioner has failed to demonstrate a clear legal right to the relief sought. Dickerson, J.P., Leventhal, Hall and Miller, JJ., concur.