■ In the Matter of ARIEL WILLIAMS, Petitioner, v BARRY E. WARHIT, an Acting Justice of the Supreme Court, Westchester County, et al., Respondents. [48 NYS3d 609]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondent Barry E. Warhit, an Acting Justice of the Supreme Court, Westchester County, from determining a certain motion, and in the nature of mandamus to compel the assignment of that motion to another Justice.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner has failed to demonstrate a clear legal right to the relief sought. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.