Matter of Johnson v Velasquez (2018 NY Slip Op 01190)





Matter of Johnson v Velasquez


2018 NY Slip Op 01190


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-13041 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Johnathan Johnson, petitioner,
v
Carmen R. Velasquez, etc., respondent. Johnathan Johnson, Malone, NY, petitioner pro se.


Eric T. Schneiderman, Attorney General, New York, NY (Angel M. Guardiola II of counsel), for respondent.



Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the respondent, Carmen R. Velasquez, a Justice of the Supreme Court, Queens County, from presiding over an action entitled Johnson v "R" & "C" Gen. Constr. Co. Corp. , commenced in the Supreme Court, Queens County, under Index No. 20061/12, and to compel that Justice to recuse herself from presiding over that action, and for declaratory relief, and application by the petitioner for poor person relief.
ORDERED that the application to prosecute this proceeding as a poor person is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner failed to demonstrate a clear legal right to the relief sought. In addition, the petitioner cannot seek declaratory relief in a CPLR article 78 proceeding (see CPLR 3017).
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court