Matter of Merolla v Garguilo (2018 NY Slip Op 02328)





Matter of Merolla v Garguilo


2018 NY Slip Op 02328


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-06475

[*1]In the Matter of Angelo Todd Merolla, petitioner,
v
Jerry Garguilo, etc., et al., respondents; Michael J. Meyer, individually, and on behalf of 148 South Emerson Associates, LLC, intervenor-respondent.


Arkin Solbakken LLP, New York, NY (Robert C. Angiolillo of counsel) for petitioner.
Eric T. Schneiderman, Attorney General, New York, NY (Angel M. Guardiola II of counsel), for respondent Jerry Garguilo.
Arnold & Porter Kaye Scholer LLP, New York, NY (James M. Catterson, Stephanna F. Szotkowski, Margaret A. Rogers, Sherry J. Jarons, and Greenberg Traurig LLP [Michael Burrows], of counsel), for intervenor-respondent.



Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Jerry Garguilo, a Justice of the Supreme Court, Suffolk County, to vacate, insofar as it relates to the petitioner, an order of the Supreme Court, Suffolk County, dated November 16, 2016, in an action entitled Meyer v Meagher , pending under Index No. 068379/14, and to vacate a corrected order in that action dated June 15, 2017, and in the nature of prohibition to prohibit enforcement of the corrected order. Motion by the intervenor-respondent, inter alia, to dismiss the proceeding. By decision and order on motion of this Court dated November 6, 2017, that branch of the motion of the intervenor-respondent which is to dismiss the proceeding was held in abeyance and referred to the panel of Justices hearing the proceeding for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the proceeding, it is
ORDERED that the branch of the motion by the intervenor-respondent which is to dismiss the proceeding is granted to the extent that so much of the proceeding as relates to the order dated November 16, 2016, is dismissed as untimely (see CPLR 217[1]), without costs or disbursements, and that branch of the motion is otherwise denied; and it is further,
ADJUDGED that the petition is otherwise denied and the proceeding is otherwise dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized [*2]powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16).
The petitioner failed to demonstrate a clear legal right to the relief sought.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court