Matter of Menkes v Molia (2019 NY Slip Op 06493)





Matter of Menkes v Molia


2019 NY Slip Op 06493


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-07230

[*1]In the Matter of Sheryl R. Menkes, petitioner,
v
Denise F. Molia, etc., et al., respondents. Sheryl R. Menkes, New York, NY, petitioner pro se.


Letitia James, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondent Denise F. Molia.
David Grossman, West Islip, NY, respondent pro se.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, in the nature of mandamus and prohibition, inter alia, to compel the respondent Denise F. Molia, an Acting Justice of the Supreme Court, Suffolk County, in effect, to amend an order dated March 13, 2019, issued by her in an underlying action entitled Menkes v Grossman, pending in that court under Index No. 602392/19.
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought.
CHAMBERS, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court