Matter of LaPierre v Berkowitz (2019 NY Slip Op 07258)





Matter of LaPierre v Berkowitz


2019 NY Slip Op 07258


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-06754 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Eugene Grant LaPierre, petitioner,
v
Meryl Berkowitz, etc., et al., respondents. Eugene Grant LaPierre, East Meadow, NY, petitioner pro se.


Letitia James, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondents Meryl Berkowitz, Teresa Corrigan, and Howard Sturim.
Madeline Singas, District Attorney, Mineola, NY (Michelle Burke, pro se, of counsel), for respondent Michelle Burke.



Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Meryl Berkowitz, an Acting Justice of the Supreme Court, Nassau County, in effect, to vacate certain orders in an underlying criminal action entitled People v LaPierre , pending in that court under Indictment No. 1967/17, and in the nature of prohibition to prohibit the respondents from proceeding with the underlying action, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought.
CHAMBERS, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court