Matter of D&G Constr. Dean Gonzalez, LLC v Capetola (2020 NY Slip Op 00271)





Matter of D&G Constr. Dean Gonzalez, LLC v Capetola


2020 NY Slip Op 00271


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-10302 

[*1]In the Matter of D & G Construction Dean Gonzalez, LLC, et al., petitioners,
v
Julian T. Capetola, etc., et al., respondents.


The Crawford Law Firm, P.C., Floral Park, NY (Mark A. Crawford of counsel), for petitioners.
Letitia James, Attorney General, New York, NY (Shari M. Goodstein of counsel), for respondent Julianne T. Capetola, sued herein as Julian T. Capetola.
Brody, O'Connor & O'Connor, New York, NY (Scott A. Brody of counsel), for respondent Scohn Enterprises, Inc.
Quatela Chimeri PLLC, Hauppauge, NY (Joseph A. Quatela of counsel), for respondent Joseph Covello.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the respondent Julianne T. Capetola, sued herein as Julian T. Capetola, a Justice of the Supreme Court, Nassau County, from enforcing an amended judgment of foreclosure and sale dated January 17, 2018, issued in an action entitled Scohn Enterprises, Inc. v D & G Construction Dean Gonzalez, LLC , commenced in the Supreme Court, Nassau County, under Index No. 10209/15, and to compel the respondent Julianne T. Capetola, sued herein as Julian T. Capetola, to recuse herself from presiding over that action.
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Leal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioners failed to demonstrate a clear legal right to the relief sought.
SCHEINKMAN, P.J., ROMAN, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court