Matter of Williams v Partnow (2022 NY Slip Op 06011)

Matter of Williams v Partnow

2022 NY Slip Op 06011

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-01916 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Catherine Williams, petitioner,
v
Mark I. Partnow, etc., et al., respondents. 

Catherine Williams, Brooklyn, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Melissa Ysaguirre of counsel), for respondent Mark I. Partnow.
Windels Marx Lane & Mittendorf, LLP, New York, NY (Robert J. Malatak of counsel), for respondents Cascade Funding Mortgage Trust 2017-1, Statebridge Company, LLC, U.S. Bank Trustee for Waterfall Victoria Grantor Trust II, Series G, and Waterfall Victoria Grantor Trust II, Series G.
Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Mark I. Partnow, a Justice of the Supreme Court, Kings County, to issue a valid order and to dismiss the complaint in an action entitled Cascade Funding Mortgage Trust 2017-1 v Williams, pending in that court under Index No. 509900/18, and in the nature of prohibition to prohibit the respondent Mark I. Partnow from presiding over and issuing a determination on a pending motion in that action. Motion by the respondents Cascade Funding Mortgage Trust 2017-1, Statebridge Company, LLC, U.S. Bank Trustee for Waterfall Victoria Grantor Trust II, Series G, and Waterfall Victoria Grantor Trust II, Series G, to dismiss the petition.
Upon the petition, and the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, it is

ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements; and it is further,
ORDERED that the motion is denied as academic in light of the determination of the petition.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought.
The petitioner's remaining contentions are without merit.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court