Matter of Ross v Silber (2022 NY Slip Op 06811)

Matter of Ross v Silber

2022 NY Slip Op 06811

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-03151 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Shaun Ross, petitioner,
v
Debra Silber, etc., et al., respondents. 

Shaun Ross, Brooklyn, NY, petitioner pro se.
Eisenberg & Schnell, LLP, New York, NY (Herbert Eisenberg of counsel), for respondent Debra Silber.
Letitia James, Attorney General, New York, NY (William H. Bristow III of counsel), for respondent New York State Office of Temporary and Disability Assistance.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Janet L. Zaleon of counsel), for respondent New York City Department of Social Services/Human Resources Administration.

Proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Debra Silber, a Justice of the Supreme Court, Kings County, to comply with CPLR 7803(4), 7804, and 7806, and in the nature of prohibition to prohibit her from acting in excess of her authority, and application by the petitioner to waive the filing fee imposed by CPLR 8022(b). Motion by the respondent New York State Office of Temporary and Disability Assistance, and separate motion by the respondent New York City Department of Social Services/Human Resources Administration, to dismiss the petition insofar as asserted against each of them. Motion by the petitioner to extend the time to serve the respondent Debra Silber.
Upon the petition, the papers filed in support of the application, and the papers filed in support of the motions and no papers having been filed in opposition or relation thereto, it is
ORDERED that the application to waive the filing fee imposed by CPLR 8022(b) is granted; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements; and it is further,
ORDERED that the motion by the respondent New York State Office of Temporary and Disability Assistance, and the separate motion by the respondent New York City Department of Social Services/Human Resources Administration, to dismiss the petition insofar as asserted against each of them are denied as academic in light of the determination of the petition; and it is further,
ORDERED that the motion by the petitioner to extend the time to serve the respondent Debra Silber is denied.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352).
The petitioner has failed to demonstrate a clear legal right to the relief sought.
DILLON, J.P., ZAYAS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court