Matter of Evans v Hamanjian (2024 NY Slip Op 05098)

Matter of Evans v Hamanjian

2024 NY Slip Op 05098

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-08019

[*1]In the Matter of Laquinn Evans, petitioner,
v
Alison M. Hamanjian, etc., et al., respondents. Twyla Carter, New York, NY (Marion Elizabeth Campbell of counsel), for petitioner.

Letitia James, Attorney General, New York, NY (James B. Cooney and Mark R. Ferguson of counsel), for respondent Alison M. Hamanjian (no memorandum filed).
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky, Timothy Pezzoli, and Rhys Johnson of counsel), respondent pro se.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Tahirih M. Sadrieh of counsel), for respondent Jess Dannhauser (no memorandum filed).

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondent Alison M. Hamanjian, an Acting Justice of the Supreme Court, Richmond County, from continuing the prosecution of the petitioner in the Youth Part of the Supreme Court, Richmond County, in an action entitled People v Evans , pending in that court under Indictment No. 70353/24, and, in effect, in the nature of mandamus to compel the respondent Alison M. Hamanjian to remove the action entitled People v Evans to the Family Court, Richmond County, pursuant to CPL 722.21 and 722.23.
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
The petitioner's remaining contentions are without merit.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court